# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

PRO SE OFFICE

TEMPORARILY FILED
DOC #
DATE FILED: 6/31/

UNITED STATES OF AMERICA
RESPONDANT

VS.

OSCAR SANCHEZ
PETITIONER

RE: CRIMINAL CASE, NO.
91-CR-218...
281 -18

## MOTION TO CORRECT OR/AND MODIFY THE TERM OF IMPRISONMENT, PURSUANT TO TITLE 18 USC §3582(c)...

OSCAR SANCHEZ A PRO SE FEDERAL INMATE NOW COME AND REQUEST THIS COURT TO MOVE IN THE SAME, AND SUBMITTED THIS MOTION PURSUANT TO TITLE 18 USC §3582(c)..TO CORRECT OR/AND MODIFY THE TERM OF IMPRISONMENT OF THE PETITIONER.

## STATEMENT OF FACTS OF THE CASE FOR REVIEW:

OSCAR SANCHEZ, THE PETITIONER WAS INDICTED IN THE FEDERAL DISTRICT COURT OF SOUTHERN OF NEW YORK, ON ABOUT THE YEAR 1991. IN CRIMINAL CASE NO. 91-CR-218].TO A TITLE & SECTION 21 U.S.C. 846 AND 841(B)(I)(A) CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE AS TO COUNT[I]; TO A TITLE 21 USC 812, 841(a)(I) & 841(B)(I)(B), TITLE 18 USC., SECTION 2, DISTRIBUTION OF COCAINE OR POSSESSION WITH TO DISTRIBUTE COCAINE AS TO COUNT[8]: TO TITLE 21 USC SECTION 812 841(A)(I) & 841(B)(I)(C); TITLE 18 USC. SECTION 2 DISTRIBUTION OF COCAINE OR POSSESSION WITH INTENT TO DISTRIBUTE COCAINE..

OSCAR SANCHEZ, THE PETITIONER WAS FOUND GUILTY, AFTER A JURY TRIAL START: ON JANUARY, 17, 1992, AND ENDED: ON MARCH, 13, 1992. SEE:

FOR THE COUNT [1] TITLE & SECTION 21 USC. § 846 AND 841 (B)(1)(A) CONSPIRACY TO DISTRIBUTE AND POSSESS WITH, INTENT TO DISTRIBUTE COCAINE, AND COUNT [8] TITLE 21 USC § 812, 841 (A)(1) & 841 (B)(1)(B) TITLE 18 USC, SECTION 2 DISTRIBUTION OF COCAINE OR POSSESSION WITH INTENT, TO DISTRIBUTE COCAINE; TO A 384 MONTHS AND TO A COUNT [11] TITLE 21 USC, SECTION 812, 841 (A)(1) & 841 (B)(1)(C); TITLE 18 USC, SECTION 2 DISTRIBUTION OF COCAINE OR POSSESSION WITH INTENT TO DISTRIBUTE COCAINE; TO A 20 YEAR, TO RUN COCURRENT TO EACH OTHER.. PETITIONER WAS FOUND NOT GUILTY ON COUNTS [3] AND [9], ON JULY 20, 1992 THE JUDGE SENTENCE PETITIONER TO OFFENSE LEVEL BEHAVIOR 42. SEE; [ APPENDIX MOTION ATTACHED WITH THE SENTENCING TRANSCRIPT OF DATE; JULY, 20, 1992 PAGE 57 TO 59.,

# JURISDICTION

THIS DISTRICT COURT HAVE JURISDICTION, UNDER TITLE 18 USC § 3582 © TO SET ASIDE AND CORRECT A SENTENCE OF A PERSON IN THE FEDERAL CUSTODY, IF THE SAME ARE IN VIOLATION OF THE U.S. LAW OR THE U.S. CONSTITUTION, OR THE SENTENCE WAS IN EXCESS OF THE MAXIMUM AUTHORIZED BY THE LAW; THE COURT MAY VACATED OR CORRECT, IF THE SENTENCE IS IN VIOLATION OF A NEW LAW OR RULE MAKE RETROACTIVELY, BY THE U.S. SUPREME COURT, THE COMMISSION OF THE CONGRESS OR/AND THE U.S. SENTENCING COMMISSION LOWERED THE MAXIMUM - DRUG - QUANTITY DETERMINED BASE OFFENSE LEVEL FROM 42 TO 38 USSG APP. C. VOL I, AMENDMENT 505 NOV (2006) (AMENDMENT EFFECTIVE, NOV. 1, 1994). IN 1995, THE COMMISSION MADE AMENDMENT 505 RETROACTIVE BY INCLUDING 9- IT IN THE LIST OF AMENDMENT THAT AUTHORIZE A REDUCTION IN THE TERM OF IMPRISONMENT AS RESULT OF AN AMENDED GUIDELINE RANGE, SEE, USSG § 1 B 1. 10 (C) AND 18 U.S.C. § 3582 ©.②. FN3, AMENDMENT 536 MADE AMENDMENT 505 EFFECTIVE NOV. 1. 1995 WE SHALL REFER HENCEFORTH ONLY TO AMENDMENT, 505 USSG, 1 B1. 10 (A), IN PERTINET PART PROVIDES

AS FOLLOWS: ② WHERE A DEFENDANT IS SERVING A TERM IMPRISOMENT, AND THE GUIDELINE RANGE APPLICABLE TO THAT DEFENDANT HAS SUBSEQUENTLY BE LOWERED AS A RESUL OF AN AMENDMENT TO THE GUIDELINES MANUAL LISTED IN SUBSECTION (c) BELOW, A REDUCTION IN THE DEFENDANT TERM OF IMPRISONMENT IS AUTHORIZED UNDER 18 U.S.C. § 3582 ©.② SEE U.S. FORTY ESTREMERA 498 F. SUPP. 2d 4·68 (d. P.R. 2007) SEE HICK 472. F. 3d. THE COURT MAY VACATED OR CORRECT, IF THE SENTENCE IS IN VIOLATION OF A NEW LAW OR RULE MAKE RETROACTIVELY BY THE U.S. SUPREME COURT, THE COMMISSION OF THE CONGRESS OR/AND THE U.S. COMMISSION FOR THE SENTENCING GUIDELINES SEE: RITA. V. U.S. 127 SCT. 2456, 2459-168L. ed. 2d 203 (2007), GALL V. UNITED STATES 128 SCT. 586 (2007), KIMBROGHT V. UNITED STATES 128 SCT 558. (2007), 504 F-3d 106, (2007) U.S. APP. LEXIS 23050 NO. 05-2469 (1ST CIR. 2007), STEVEN SPEARS 129 SCT 840- 172 LEd, 2d 596; (2009) U.S. LEXIS 864; NO. 08574 JANUARY, 21 (2009) AND U.S. V. OVALLE - MARQUEZ NO. 91-CR·397 (RLA) DOG. 376 (D. P.R.) (2008) ., WERE THE COURT CORRECTING THE SENTENCE, BECAUSE THE SAME WAS SUPPORTED BY INADEQUATE LAW, THAT NOW ARE IN VIOLATION OF THE NEW LAW, MAKE IT RETROACTIVELY.

## LAW APPLICABLE TO REVIEW THIS MOTION, PURSUANT TO TITLE § 3582 ©.

THE LAW OF TITLE 28 USC § 994 (B) (1) SAY: IN THE GUIDELINES PROMULGATED PURSUANT TO SUBSECTION (A) (1) SHALL FOR EACH CATEGORY OF THE OFFENSE INVOLVING EACH CATEGORY OF DEFENDANTS, ESTABLISH A SENTENCING RANGE THAT IS CONSISTENT WITH ALL PERTINET PROVISION OF TITLE 18 U.S.C. § (2); IF A SENTENCE SPECIFIED BY THE GUIDELINES INCLUDES A TERM OF IMPRISONMEN, THE MAXIMUN OF THE RANGE ESTABLISH FOR SUCH TERM SHALL NOT EXCEED

THE MINIMUM OF THE RANGE ESTABLISH A SENTENCING RANGE THAT IS CONSISTENT WITH ALL PERTINET PROVISION OF TITLE 18 USC § (2), IF A SENTENCE SPECIFIED BY THE GUIDELINES INCLUDES A TERM OF IMPRISONMENT, THE MAXIMUM OF THE RANGE ESTABLISH FOR SUCH TERM SHALL NOT EXCEED THE MINIMUM OF THE RANGE ESTABLISH FOR SUCH TERM SHALL NOT EXCEED THE MINIMUM OF THE RANGE BY MORE THAN THE GREATER OF 25 PERCENT OR 6 MONTHS, EXCEPT THAT IF THE MINIMUM TERM OF THE RANGE IS 30 YEARS OR MORE, THE MAXIMUM MAY BE A LIFE IMPRISONMENT, SECTION (F) SAY: IN PROMULGATING GUIDELINES PURSUANT TO SUBSECTION (A)(1), SALL PROMOTE THE PURPOSE SET FORTH IN SECTION 991 (B) (1) [28 USC § 991 (B) (1) WITH PARTICULAR ATTENTION TO THE REQUIREMENTS OF SUBSECTION 991(B)(1) FOR PROVIDING CERTAINLY AND FAIRNESS IN THE SENTENCING AND REDUCING UNWARRANTED SENTENCE DISPARITIES...

## THE LAW OF TITLE 18 USC § 3553 (B) (1) SAY:

IN IMPOSITION A SENTENCE, THE FACTOR THE COURT AND JUDGE SHOULD BE CONSIDERED IN IMPOSING A SENTENCE, SHALL WE SUFFICIENT BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE PURPOSE SET FORTH IN PARAGRAPH (2) OF THIS SECTION, IN DETERMINING THE PARTICULAR SENTENCE TO BE IMPOSED SHALL CONSIDER: (1) THE NATURE AND CIRCUMTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT, (2) THE NEED FOR THE SENTENCE IMPOSED (A) TO REFLECT THE SERIOUSNES OF THE OFFENSES, TO PROMOTE RESPECT FOR THE LAW AND TO PROVIDE JUST PUNISHMENT FOR THE OFFENSE; (B) THE APPLICABLE CATEGORY OF THE OFFENSE COMMITTED BY THE APPLICABLE CATEGORY OF DEFENDANT AS SET FORTH IN THE GUIDELINES: ISSUES BY THE SENTENCING COMMISSION, PURSUANT TO SECTION 994 (A) (1) OF TITLE 28 USC §, SUBJECT ANY AMENDMENTS MADE TO SUCH GUIDELINES BY ACT OF CONGRESS, REGARDLESS OF WHETHER SUCH AMENDMENTS HAVE YET TO

BE INCORPORATED BY THE SENTENCING COMMISSION INTO AMENDMENT ISSUED, UNDER § 994 (P) OF TITLE 28 USC TAKING INTO ACCOUNT ANY AMENDMENT MADE SUCH GUIDELINES OR POLICY STATEMENT BY ACT OF CONGRESS, REGARDLESS OF WHETHER SUCH AMENDMENTS HAVE YET TO BE INCORPORATED BY THE SENTENCING COMMISSION INTO AMENDMENTS ISSUED UNDER § 994 (P) OF TITLE 28 USC- THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES AMONG DEFENDANTS WITH SIMILAR RECORD, WHO HAVE BEEN FOUND GUILTY OF SIMILAR CONDUCT, THE COURT SHALL IMPOSE AN APPROPIATE SENTENCE, HAVING DUE REGARD FOR THE PURPOSE SET FORTH IN SUBSECTION (A)(2), IN THE ABSENCE OF AN APPLICABLE SENTENCING GUIDELINES IN THE CASE OF AN OFFENSE OTHER THAN A PRETTY OFFENSE, THE COURT SHALL ALSO HAVE DUE REGARD FOR THE RELATION SHIP OF THE SENTENCE IMPOSED TO SENTENCE PRESCRIBED BY THE GUIDELINES APPLICABLE TO SIMILAR OFFENSES AND OFFENDERS, AND TO THE APPLICABLE POLICY STATEMENT OF THE SENTENCING COMMISSION, THE COURT HIS JUDGE SHALL MAKE AN STATEMENT OF REASON FOR IMPOSING A SENTENCE OF THE PARTICULAR SENTENCE AND IF THAT RANGE SENTENCE EXCEEDS 24 MONTHS, THE REASON FOR IMPOSING A SENTENCE AT H PARTICULAR POINT WITHIN THE RANGE, IN PROMULGATING GENERAL POLICY STATEMENTS REGARDING THE SENTENCING MODIFICATION PROVISION IN SECTION, SHOULD CONSIDERED EXTRAORDINARY AND COMPELLING REASON FOR SENTENCE REDUCTION, INCLUDING THE CRITERIA TO BE APPLIED AND A LIST OF SPECIFIE EXAMPLES OF EXTRAORDINARY AND COMPELLING REASON HAS ERROR OF LAW, OR UNWARRANTED DISPARITIES SENTENCE...

# THE LANGUAGE OF THE U.S. SUPREME COURT:

CASE: U.S.V. BOOKER 543 U.S. 220, 160 L.E.d. 2d 621 125 SCT. 738 SAY:

THE TITLE 18 USC § 3553 (B) (I) APPLICATION OF GUIDELINES IN IMPOSING A SENTENCE, WHICH MAKE THE FEDERAL SENTENCING GUIDELINES MANDATORY IS INCOMPATIBLE WITH THE REQUIREMENTS OF THE SIX AMENDMENT, AND THEREFORE MUST BE SEVERED AND EXCESSED

FROM THE SENTENCING REFORM ACT OF 1984, EXCEPTS AS PROVIDE IN
PARAGRAPH (2) THE COURT SHALL IMPOSE A SENTENCE OF THE KINDS, AND WITHING
THE RANGE REFERRED TO IN SUBSECTION (A) (4) UNLESS THE COURT FIND THAT,
THERE EXISTING AN AGGRAVATING OR MITIGATING CIRCUMTANCES OF A KIND, OR TO
A DEGREE NOT ADEQUATELY TAKEN INTO CONSIDERATION BY THE SENTENCING
COMMISION IN FORMULATING THE GUIDELINES THAT SHOULD RESULT IN A SENTENCE
DIFFERENT FROM THAT DESCRIBED, IN DETERMINING WHETHER A CIRCUMTANCES
WAS ADEQUATELY TAKEN INTO CONSIDERATION, THE COURT SHALL CONSIDER ONLY
THE SENTENCING GUIDELINE, THE POLICY STATEMENTS AND OFFICIAL COMMENTARY OF
THE SENTENCING, COMMISSION; IN THE ABSENCE OF AN APPLICABLE SENTENCING
GUIDELINES IN THE CASE OF AN OFFENSE OTHER THAN A PETTY OFFENSE, THE COURT
SHALL ALSO HAVE DUE REGARD FOR THE RELATION SHIP OF THE SENTENCE IMPOSED
TO SENTENCE PRESCRIBED BY GUIDELINES APPLICABLE TO SIMILAR OFFENSES AND
OFFENDERS AND TO THE APPLICABLE POLICY STATEMENTS OF THE SENTENCING COMMISSION.

# THE NEW DRUG QUANTITY AMENDED LAW OF THE GUIDELINES, TITLE U.S.S.G. § 2D 1.1. SAY:

THE U.S.S.G. COMMISSION AMENDED THE DRUG QUANTITY TABLE IN
U.S.S.G § 2D.1.1, SO THAT CRACK QUANTITIES TRIGGUERING THE FIVE AND TEN
YEAR MANDATORY MINIMUM, ARE ASSIGNED BASE OFFENSE LEVEL, TWO LEVELS
LOWER THAN BEFORE, THE BASE OFFENSE LEVELS FOR THESE QUANTITIES NOW
CORRESPOND TO GUIDELINES RANGE THAT INCLUDE (RATHER THAN EXCEED) THE
MANDATORY MINIMUM, THE COMMISSION SIMILARLY ADJUSTED THE DRUG
THRESHOLD QUANTITIES ABOVE, BETWEEN AND BELOW THE MANDATORY
MINIMUM THRESHOLD THE NET RESULT BEING THAT FOR CRACK OFFENSE BASE
LEVELS, ACROSS THE BOARD ARE TWO LEVELS LOWER THAN THEY WOULD HAVE
BEEN BEFORE, THE AMENDED., SEE: 72 FED. REG. 28, 588, 28, 571, 73: U.S.S. APP.
L. SUPP. AMEND. 70. L: U.S.S.G § 2D.1.1. (2007); LIKE WISE THE BASE OFFENSE
LEVEL ASSIGNED TO AT LEAST 50, GRAMS, BUT LESS THAN 150 GRAMS OF CRACK

HAS BEEN ADJUSTED DOWNWARD TO A OFFENSE LEVELS 30, ALSO THE COMMISSION MODIFIED THE MECHANISM FOR DETERMINING THE BASE OFFENSE LEVEL, IN OFFENSE INVOLVING CRACK AND OTHER CONTROLLED SUBSTANCE, THE MECHANISM IS SET FORTH IN NEW SUBDIVISION (D) OF APPLICATION NOTE 10. SEE: USSG, 2D1.1.CMT, N.10 (d) (2007); THIS AMENDMENT MAY APPLY RETROACTIVELY AND THE SAME WAS EFFECTIVELY: ON AUGUST 3, 2010 THE FAIR SENTENCING ACT OF 2010 PUB.L. 111-220 CHANGED THE RATIO OF CRACK TO POWER COCAINE FROM 100 TO 1 TO ABOUT 18 TO 1. BY RAISING THE MINIMUM QUANTITY OF CRACK COCAINE REQUIRED TO TRIGGER A FIVE YEAR SENTENCE FROM FIVE GRAMS TO 28 GRAMS. THE MINIMUM AMOUNT OF POWDER COCAINE REQUIRED TO TRIGGER A FIVE YEAR SENTENCE REMAINS AT 500 GRAMS, THE LAW ALSO ELIMINATES THE MANDATORY MINIMUM SENTENCE FOR SIMPLE POSSESSION OF CRACK; ON OCTOBER 21 THE U.S.S.G. COMMISSION ADOPTED AN EMERGENCY AMENDMENT, EFFECTIVE NOV.1, 2010 TO CONFORM THE GUIDELINES TO THE NEW LAW; THE OFFENSE LEVELS FOR COCAINE IN § 2D1.1 ARE CHANGED TO GIVE OFFENSES INVOLVING 28 GRAMS OR MORE OF CRACK COCAINE A BASE OFFENSE LEVEL OR 26 AND OFFENSES INVOLVING 280 GRAMS OR MORE OF CRACK COCAINE A BASE OFFENSE LEVEL OF 32; ON APRIL 6, 2011 THE U.S.S.G. COMMISSION AMENDED THE CRACK COCAINE GUIDELINES TO IMPLEMENT THE FAIR SENTENCING ACT OF 2010, WHICH REDUCED CRACK COCAINE PENALTIES BY RAISING THE QUANTITIES REQUIRED TO TRIGGER A FIVE YEAR MANDATORY MINIMUM SENTENCE FROM 5 GRAMS TO 28 GRAMS AND FOR A TEN YEAR MANDATORY MINIMUM FROM 50 TO 280 GRAMS; THE NEW AMENDMENT SETS THE FIVE AND 10 YEAR MANDATORY MINIMUM PENALTIES AT BASE OFFENSE LEVEL 26 AND 32., i.e., A RANGE OF 63-70 MONTHS AND 121-151 MONTHS. THE U.S.S.G. COMMISSION, MAKE THIS AMENDMENT RETROACTIVELY APPLY TO ALL FEDERAL PRISONER, IN THE HEARING OF DATE: JUNE.1.2011••, THIS NEW RATIO 18-TO-1 FOR CRACK COCAINE ARE RETROACTIVELY APPLY EFFECTIVELY IMMEDIATELY.

# THE LANGUAGE OF THE U.S. SUPREME COURT CASE:

**STEVEN SPEARS**, 129 SCT. 840, 172 LEd. 2d 596, (2009) U.S. LEXIS 864-21 FLA. L. WEEKLY FED. 596 NO. 08-5721 JANUARY-21 (2009) AND SIMILARLY CASE: KIMBROUGH 522 U.S. _____ 128 SCT-558, 169 LEd, 2d 841 (2007) HELD THAT (172 LEd. 2d. LEd HR1); (1) UNDER BOOKER THE COCAINE GUIDELINES LIKE ALL OTHER GUIDELINES ARE ADVISORY ONLY AND THAT, IT WOULD BE A ABUSE OF DISCRETION FOR A DISTRICT COURT TO CONCLUDE WHEN SENTENCING A PARTICULAR DEFENDANT THAT, THE CRACK/POWER DISPARITY YIELDS A SENTENCE GREATER THAN NECESSARY TO ARCHIEVE § 3553 (A) HIS PURPOSE, EVEN IN A MINE-RUN CASE, Id., AT _____ 128 SCT. 558, 169 LEd 2d 481 (EMPHASIS Added). THE CORRECT INTERPRETATION OF THE HOLDING IS THE ONE OFFERED BY THE (SPEAR II): THE COURT ESTABLISHED THAT WHEN A PARTICULAR DEFENDANT IN CRACK CASE, PRESENT NO SPECIAL MITIGATING CIRCUMTANCES, NO OUTSTANDING SERVICE TO CONTRY OR COMMUNITY, NO UNUSUALLY DISADVONTAGED CHILDHOOD, NO OVERSTATED CRIMINAL HISTORY SCORE, NO POST-OFFENSE REHABILITATION, A SENTENCING COURT, MAY NONE THELESS VARY DOWNWARD FROM THE ADVISORY GUIDELINES RANGE., THE COURT MAY DO SO, BASED ONLY SOLELY ON ITS VIEWS THAT, THE RATIO 100-TO-1 EMBODIED IN THE SENTENCING GUIDELINES FOR THE TREATMENT OF CRACK-COCAINE VERSUS POWDER COCAINE, CREATE AN UNWARRANTED DISPARITY WITHIN THE MEANING OF § 3553 (A), AND IS AT ODDS WITH § 3553 (A).. THE ONLY FACTS NECESSARY TO JUSTIFY SUCH A VARIANCE IS THE SENTENCING COURT HIS DISAGREMENT WITH THE GUIDELINES, ITS POLICY VIEW THAT: RATIO 100-TO-1 CREATE AN UNWARANTED DISPARITY, SEE: 533 F. 3d AT 718 (OPINION OF COLLOTON, J)...

## THE LANGUAGE OF U.S. SUPREME COURT CASE: SCHRIRO. V. SUMMERLIN 542 U.S. 348, 159 LEd. 2d 442, 124 SCT, 2519-2522 (2004) SAY:

NEW RULES APPLY TO A CONVICTION ALREADY BECOME FINAL ON THIS EXCEPTIONS, INCLUDE RULE PROHIBIT CRIMINAL PUNISHMENT FOR CERTAIN TYPES OF PRIMARY CONDUCT, AND THOSE THAT FORBID THE IMPOSITION OF CERTAIN CATEGORY OF PUNISHMENT FOR A PARTICULAR CLASSES OF DEFENDANTS.

SEE: SEPULVEDA V. UNITED STATES, 330 F.3d 55,59 (1ST CR, 2003) - SHRIRO
124 SCT. AT 2522-23, OTHERWISE NEW RULES APPLIED RETROACTIVELY TO CASE
ALREADY FINAL ONLY IF THEY ARE WATERSHED RULES OF CRIMINAL PROCEDURES
IMPLICATING THE FUNDAMENTAL FAIRNESS AND ACCURACY OF THE CRIMINAL PROCEEDING.
SEE: SHRIRO 124 SCT. AT 2523 (INTERNAL QUOTATION MARK OMITTED).

OSCAR SANCHEZ, THE PETITIONER COME NOW AND PRESENTED THE
FOLLOWING GROUNDS FOR REVIEW ON THIS MOTION PURSUANT TO TITLE
18 USC § 35 82 (C);

# GROUND ONE:

OSCAR SANCHEZ, THE PETITIONER SAY THE SENTENCING THE JUDGE GAVE
TO PETITIONER OF 384 MONTHS FOR COUNT [1] AND [8] FOR POSSESION
OF 70 GRAMS OF CRACK, ARE ILLEGAL AS A MATTER OF LAW, IN VIOLATION
OF TITLE 28 USC § 994 (B)(1), AND TITLE 18 USC § 3553 AND THE NEW CRACK
LAW RATIO 18-TO-1, ENACTED BY THE U.S.S.G. COMMISSION AN U.S. CONGRESS
AND MAKE IT RETROACTIVELY BY THE USSG COMMISSION HEARING DATE:
JUNE-1, 2011, IN VIOLATION OF PETITIONER HIS U.S. FIVE CONSTITUTIONAL
RIGHT TO DUE PROCESS AND EQUAL PROTECTION AND EIGHT CONSTITUTIONAL
RIGHT ON CRUEL AND UNUSUAL PUNISHMENT FOR A EQUIVALENCY RATIO OF
CRACK TO POWDER COCAINE OF [RATIO 100-TO-1] USED TO CALCULATE THE
PETITIONER HIS SENTENCE, THAT ARE NOW UNCONSTITUTIONAL ...

# SUPPORTING FACTS OF GROUND ONE:

PETITIONER SAY THE SENTENCING, THE JUDGED GAVE AS TO
COUNT (1) AND (8), OF 384 MONTHS FOR POSSESSION OF 70 GRAMS,
ARE ILLEGAL AS A MATTER OF LAW RATIO 18-TO-1, AMENDED AND MAKE
IT RETROACTIVELY BY THE U.S.S.G. COMMISSION, AND IN VIOLATION

OF PETITIONER HIS U.S. EIGHT CONSTITUTIONAL RIGHT ON CRUEL AND UNUSUAL PUNISHMENT FOR A CRIME THE PETITIONER IS ACTUALLY INNOCENT OF THE SENTENCE AS A MATTER OF LAW, AND IN VIOLATION OF THE PETITIONER HIS FIVE U.S. CONSTITUTIONAL RIGHT TO A DUE PROCESS, SIX CONSTITUTIONAL RIGHT TO A FAIR COMPULSORY DUE PROCESS OF LAW, BECAUSE THE SENTENCING OF 384 MONTHS OF PETITIONER, WAS ILLEGAL ON ACCORD WITH THE TRANSCRIPT- RECORD AT TRIAL. PETITIONER WAS ACQUITTED BY THE JURY ON HIS VERDICT FOR THE 70 GRAMS OF CRACK, SEE: [JURY TRIAL HIS VERDICT DATE: MARCH, 13, 1992]. AND THE STATEMENT OF REASON, FOR THE PETITIONER HIS SENTENCING HEARING DATE: [JULY 20, 1992 PAGE: 57 PARAGRAPH 12-TO-16, ATTACHED IN THE APPENDIX MOTION] THE JUDGE SAY, THE FOLLOWING: BASED ON TREATING THE CRACK AS 89/100 THIS OF QUANTITY OF COCAINE INVOLVED IN MAKING THE CRACK, THE COURT FINDS AN OFFENSE LEVEL BEHAVIOR FOR OSCAR SANCHEZ OF LEVEL 42 THE COURT DECLINES TO RELY ON THE 70 GRAMS OF CRACK FOR WICH HE WAS ACQUITTED... ON ACCORD WITH THIS FACTS AND THE JURY TRIAL HIS VERDICT AND THE SENTENCING HEARING TRANSCRIPT, DATED: JULY, 20, 1992, PAGE: 57... THE PETITIONER HIS SENTENCE ARE ILLEGAL AND IN VIOLATION OF THE LAW AND THE PETITIONER HIS U.S. CONSTITUTIONAL RIGHT, FOR A CRIME THE PETITIONER IS ACTUALLY INNOCENT OF THE SENTENCE AS A MATTER OF LAW, BECAUSE THE PETITIONER WAS ACQUITTED BY THE JURY TRIAL ON HIS VERDICT., FOR THE 70 GRAMS OF CRACK COUNT. SEE: [ATTACHED APPENDIX MOTION, THE SENTENCING TRANSCRIPT DATE, JULY 20, 1992 PAGE 57] ALSO SEE ATTACHED APPENDIX MOTION P.S.I. REPORT THE PETITIONER WAS ACCOUNTABLE FOR 22.68 GRAMS OF "CRACK"...]

# GROUND TWO:

OSCAR SANCHEZ, THE PETITIONER SAY THE SENTENCING THE JUDGE GAVE TO PETITIONER OF 384 MONTHS FOR POSSESSION OF 70 GRAMS OF CRACK

ARE ILLEGAL AS A MATTER OF LAW, IN VIOLATION OF TITLE 28 USC§994 (B) (1), AND TITLE 18 USC§3553 AND THE NEW CRACK LAW RATIO 18-TO-1 ENACTED BY THE USSG. COMMISSION AND U.S. CONGRESS AND MAKE IT RETROACTIVELY BY THE USSG. COMMISSION HEARING DATE: JUNE. 1, 2011, IN VIOLATION OF PETITIONER HIS U.S. FIVE CONSTITUTIONAL RIGHT TO DUE PROCESS AND EQUAL PROTECTION, AND EIGHT CONSTITUTIONAL RIGHT ON CRUEL EXCESSIVE AND UNUSUAL PUNISHMENT FOR A EQUIVALENCY RATIO OF TO POWER COCAINE OF [RATIO 100-TO-1] USED TO CALCULATE THE PETITIONER HIS SENTENCE, THAT ARE NOW UNCONSTITUTIONAL...

# SUPPORTING FACTS OF GROUND TWO:

THE PETITIONER SAY THE SENTENCING THE JUDGE GAVE FOR TO GRAMS OF CRACK, OF 384 MONTHS, ARE ILLEGAL AS MATTER OF THE NEW CRACK LAW RATIO 18-TO-1, ENACTED BY THE, U.S. CONGRESS AND THE U.S.S.G. COMMISSION AND THE SAME ARE APPLICABLE RETROACTIVELY TO PETITIONER HIS CASE, BECAUSE THE CONGRESS SAY: THE NEW AMENDMENT TO THE U.S.S.G § 2D.1.1. DRUG QUANTITY, PERTAINING TO COCAINE BASE OFFENSE, TOOK A EFFECT, THE AMEND ADJUST DOWNWARD BY TWO LEVELS THE BASE OFFENSE LEVEL ASSIGNED TO EACH THRESHOLD QUANTITY OF CRACK COCAINE LISTED IN THE TABLE: THE U.S.S.G. COMMISSION AMENDED THE DRUG QUANTITY TABLE IN U.S.S.G § 2D1.1 SO THAT CRACK QUANTITIES TRIGGUERING THE _FIVE_ AND TEN YEAR MANDATORY MINIMUMS ARE ASIGNED BASE OFFENSE LEVELS: THE BASE OFFENSE LEVELS, FOR THESE QUANTITIES NOW CORRESPOND TO GUIDELINES RANGE THAT INCLUDE (RATHER THAN EXCEED) THE MANDATORY MINIMUM, THE U.S.S.G. COMMISSION SIMILARLY ADJUSTED THE DRUG THERESHOLD QUANTITIES ABOVE, BETWEEN AND BELOW THE MANDATORY MINIMUM THERESHOLD WITH THE NET RESULT BEING THAT, FOR CRACK OFFENSE, BASE OFFENSE LEVELS A CROSS THE BOARD, THEY ARE LEVELS LOWER THAN THEY WOULD HAVE BEEN BEFORE, THE AMENDMENT, _SEE_:

72 FED. REG. 28,588, 28,571-73; U.S.S.G. APP. L. SUPP. AMEND. 70.L; U.S.S.G. § 2D1.1, LIKE WISE THE BASE OFFENSE LEVEL ASSIGNED TO AT LEAST 50 GRAMS, BUT LESS THAN 150 GRAMS OF CRACK, HAS BEEN ADJUSTED DOWNWARD; THIS AMENDMENT APPLY RETROACTIVELY AND THE SAME WAS EFFECTIVELY; ON AUGUST, 3, 2010 THE FAIR SENTENCING ACT 2010, PUB. 111-220 CHANGED THE RATIO OF CRACK TO POWER COCAINE FROM, 100-TO-1, TO ABOUT 18-TO-1 BY RAISING THE MINIMUM QUANTITY OF CRACK COCAINE REQUIRED TO TRIGGER A FIVE YEAR SENTENCE FROM FIVE GRAMS TO 28 GRAMS-THE MINIMUM AMOUNT OF POWDER COCAINE REQUIRED TO TIGGER A FIVE YEAR SENTENCE REMAINS AT 500 GRAMS; THE LAW ALSO ELIMINATE THE MANDATORY MINIMUM SENTENCE FOR SIMPLE POSSESSION OF CRACK; ON OCTOBER-21-THE U.S.S.G. COMMISSION ADOTED AN EMERGENCY AMENDMENT, EFFECTIVE: NOVEMBER, 1, 2010, TO COMFORM THE GUIDELINES TO THE NEW LAW: THE OFFENSE LEVELS FOR CRACK COCAINE IN § 2-D1.1. ARE CHANGED TO GIVE OFFENSE INVOLVING 28 GRAMS OR MORE OF CRACK COCAINE A BASE OFFENSE LEVEL OF 26 AND OFFENSE INVOLVING 280 GRAMS OR MORE OF CRACK COCAINE A BASE OFFENSE LEVEL OF 32; ON APRIL 6, 2011 THE U.S.S.G. COMMISSION AMENDED THE CRACK COCAINE GUIDELINES TO IMPLEMENT THE FAIR SENTENCING ACT OF 2010, WHICH REDUCED CRACK COCAINE PENALTIES BY RAISING THE QUANTITIES REQUIRED TO TRIGGER A FIVE YEAR MANDATORY MINIMUM SENTENCE FROM 5 GRAMS TO 28 GRAMS. AND FOR A TEN YEAR MANDATORY MINIMUM FROM 50 TO 280 GRAMS: THE NEW AMENDMENT SETS THE FIVE AND 10 YEAR MANDATORY MINIMUM PENALTIES AT BASE OFFENSE LEVELS 26 AND 32, i.e.; A RANGE OF 63-78 MONTHS AND 121-151 MONTHS. THE U.S.S.G. COMMISSION, MAKE THIS AMENDMENT RETROACTIVELY APPLY TO ALL FEDERAL PRISONERS, IN THE HEARING OF DATE: JUNE, 1, 2011; THIS NEW RATIO 18-TO-1 FOR CRACK COCAINE ARE RETROACTIVELY IMMEDIATED ... ALSO THE COMMISSION MODIFIED THE MECHANISM FOR DETERMINING THE BASE OFFENSE LEVEL IN OFFENSE INVOLVING CRACK AND

OTHERS CONTROLLED SUBSTANCE, THE MECHANISM IS SET FORTH
IN NEW SUBDIVISION (D) OF APPLICATION NOTE 10, SEE: U.S.S.G. §
2D1.1. CMT. N. 10 (D)., ALSO THE U.S. SUPREME COURT MAKE CLEAR,
USED THE GUIDELINES AS ADVISORY ONLY. ON THIS NEW CRACK LAW.
SEE: SET IN CASE STEVEN SPEARS 129 SCT - 840, 172 LED. 2D 596,
2009 U.S. LEXIS 864, 21 FLA. L. WEEKLY FED. S. 596 NO. 08. 572
JANUARY, 21, 2009 AND KIMBROUGH 552 U.S. - 128 SCT. 558, 169
LED. 2D 481 (2007) HELD THAT: (172 LED. 2D HRI) (1) UNDER BOOKER,
THE COCAINE GUIDELINES LIKE ALL OTHERS GUIDELINES ARE ADVISORY ONLY
AND THAT IT WOULD BE A ABUSE OF DISCRETION FOR A DISTRICT COURT TO
CONCLUDE WHEN SENTENCING A PARTICULAR DEFENDANT, THAT THE CRACK\
POWER DISPARITY YIELDS A SENTENCE GREATER THAT NECESSARY TO
ARCHIEVE § 3553 (A) HIS PURPOSE, EVEN IN A MINE - RUN CASE, :D,
AT ___ 128 SCT. 558, 169. LED. 2D. 481 (EMPHASIS ADDED). THE
CORRECT INTERPRETATION OF THE HOLDING IN THE ONE OFFERED BY
THE (SPEARS II), THE COURT ESTABLISHED THAT: EVEN WHEN A PARTICULAR
DEFFENDANT AND IN A CRACK CASE PRESENT NO SPECIAL MITIGATI-
NG, CIRCUMTANCES NO OUTSTANDING SERVICE TO COUNTRY OR COMMUNITY,
NO UNUSUALLY DISADVANTAGED CHILDHOOD, NO OVERSTATED CRIMINAL
HISTORY SCORE, NO POST OFFENSE REHABILITATION A SENTENCING
COURT MAY NONETHELESS VARY DOWNWARD FROM THE ADVISORY
GUIDELINE RANGE, THE COURT MAY DO SO BASED SOLELY ON ITS
VIEW THAT THE RATIO 100 - TO - 1 EMBODIED IN THE SENTENCING
GUIDELINES FOR THE TREATMENT OF CRACK COCAINE, VERSUS
POWER COCAINE CREATE IS AN UNWARRANTED DISPARITY WHITIN
THE MEANING OF § 3553 (A), AND IS AT ODDS WITH § 3553 (A),
THE ONLY FACTS NECESSARY TO JUSTIFY SUCH A VARIANCE IS
THE SENTENCING COURT DISAGREEMENT WITH THE GUIDELINES,
ITS POLICY VIEW THAT THE RATIO 100 - TO - 1 CREATE AN
UNWARRANTED DISPARITY - 533 F-3D AT 719 (OPINION OF COLLOTON)

PETITIONER SAY THAT: ON ACCORD OF ALL THIS FACTS, THE NEW
LAW OF CRACK ENACTED BY THE COMMISSION TO THE U.SSG.§201.1
THE PETITIONER HIS SENTENCE ARE ILLEGAL AND IN VIOLATION OF
THE LAW, OF THE NEW CRACK RATIO OF 18-TO-1 AND THE U.S.
CONSTITUTIONAL RIGHT, BECAUSE HIS SENTENCE WAS CALCULATE
WITH A EQUIVALENCY RATIO OF CRACK TO POWDER COCAINE 100-
TO-1 THAT ARE NOW UNCONSTITUTIONAL..

# IMPORTAN FACTOR WHICH SHOULD BE CONSIDERED UNDER §3553 (a).

OSCAR SANCHEZ PETITIONER, WHO, SAVED THE LIFE OF A BUREAU
OF PRISONS OFFICER, REDUCING HIS TERM OF IMPRISOMENT UNDER
§ 3582 (c),(2). IN ACCORDANCE WITH 3553 (a) WOULD SERVE THESE
OBJECTIVES.

   ON SEPTEMBER 5, 1995. AT APPROXIMATELY 1:30 P.M.
OFFICER ERNST WAS MAKING HIS ROUNDS ON I BLOCK (A DORM WITH
BUNK BEDS THROUGHOUT THE UNIT). HE DISCOVERED A FAN WICH WAS
IMPROPERLY TAPPED INTO THE INSTITUTIONS WIRING, WHILE ATTEMPTING
TO UNHOOK THE FAN. OFFICER <u>ERNST</u> RECEIVED AN ELECTRICAL
CHARGE, WHICH RACED THROUGH HIS BODY, PETITIONER RISHED HIS
OWN LIFE TO THROW OFFICER <u>ERNST</u> OFF HIS ELECTRICAL CURRENT,
THE ELECTRICAL CHARGE TEMPORARILY, DEBILITATED OFFICER <u>ERNST</u>,
RENDERING HIM UNABLE TO CALL FOR ASSISTANCE, PETITIONER CARRIED
OFFICER <u>ERNST</u> TO THE BUNK BED AND LAID HIM DOWN AND PROMPTLY
LOCATED INSTITUTIONAL STAFF AND ADVISED THEM OF OFFICER <u>ERNST</u>
CONDITION, INMATE, SANCHEZ, WITH NO CONCERN FOR HIS OWN PERSONAL
SAFETY IN ASSISTING A FEDERAL OFFICER, SAVED OFFICER'S <u>ERNST'S</u>
LIFE. <u>SEE</u> ATTACHED A APPENDIX MOTION, MEMORANDUM
FROM, U.S.P. LEWISBURG EXHIBIT...............

# CONCLUSION

OSCAR SANCHEZ, THE PETITIONER GIVEN THIS GROUNDS AND HIS SUPPORTING FACTS OF THE SAME, THE PETITIONER REQUESTING THIS COURT TO REVIEW HIS CASE AND SENTENCING, AND RE-SENTENCING THE PETITIONER TO THE NEW CRACK RATIO 18-TO-1 LAW AMENDED AND MAKE IT RETROACTIVELY APPLY TO PETITIONER, BY THE U.S.S.G. COMMISSION AND U.S. CONGRESS...

THE PETITIONER, SUBMITTED ATTACHED A APPENDIX MOTION SUPPORT- THIS GROUNDS ON THIS MOTION PURSUANT TO TITLE 18 USC, §35 82.© . AND ALSO THIS GROUNDS AND SUPPORTING FACTS, WAS SUPPORT BY THE RECORDS OF THE DISTRICT COURT DOCKET IN CRIMINAL CASE. NO. 91-CR.218.

THE PETITIONER REQUESTED THIS COURT TO REVIEW HIS CASE AND SENTENCING, SET ASIDE AND GRANTED THIS MOTION AND ORDERED A PROMPTLY HEARING WITH THE PETITIONER HIS PRESENCE IN OPEN COURT, TO REVIEW HIS CASE AND SENTENCING AND CORRECTING THE SAME ON ACCORD WITH THE NEW CRACK LAW RATIO 18-TO-1.

THE PETITIONER REQUESTED THIS HONORABLE COURT TO KEEP THE U.S.S.G. HAS A ADVISORY WHEN THEY REVIEW AND CORRECTING THE PETITIONER HIS SENTENCE, [ SEE: ] [ PETITIONER SUBMITTED A MEMORANDUM AT LAW ASTO WHY THIS COURT SHOULD KEEP THE U.S.S.G. AS ADVISORY AT, THE REVIEW OF THIS MOTION, CASE AND SENTENCING, THE SAME ARE ATTACHED] ALSO I HAVE NEVER KILLED OR ASSAULTED ANYONE FOR ANY REASON NOR IS MY CURRENT CONVICTION A CRIME OF VIOLENCE. IT IS FOR

THESE REASON THAT I ASK THIS COURT FOR LENIENCY AND ALLOW ME AN OPPORTUNITY TO RETURN BACK TO MY FAMILY AND SOCIETY, WHILE I AM NOT WELL VERSED IN THE LANGUAGE OF LAW, I PRAY THAT YOU UNDERSTAND MY ISSUES AND GRANT MY MOTION... THANK YOU...

I FURTHER SAY THAT, I AM THE PETITIONER ON THIS MOTION PURSUANT TITLE 18 USC § 3582(C), CF (16) PAGES AND I SIGNED TODAY: NOVEMBER, 1, 2011 UNDER THE PENALTY OF PERJURY OF TITLE 28 U.S.C. § 1746:

PRO-SE:

SIGNED: Oscar Sanchez.
OSCAR SANCHEZ.
#30768-054.
5-M.U. U.S.P. LEWISBURG.
P.O.BOX. 1000
LEWISBURG. P.A. 17837.

C. UNITED STATES GOVERNMENT.

1    Service.

2              Ms. Wilson is assessed $350 under the Crime

3    Control Act.  Mr. Ricardo Sanchez is assessed $450 under the

4    Crime Control Act.

5              In connection with Mr. Oscar Sanchez, the court

6    finds that he's responsible for the crack which resulted

7    from the activities of this conspiracy.  As to him it was

8    foreseeable because he and Mr. Rivera were in possession of

9    crack in the hotel room and he clearly has knowledge of the

10   activities of Rivera in connection with the dealings with

11   Alman Cohen and the other activities of Rivera in Newburgh.

12             Based on treating the crack as 89/100ths of the

13   quantity of cocaine involved in making the crack, the court

14   finds an offense level behavior for Mr. Oscar Sanchez of 38.

15   The court declines to rely on the 70 grams of crack for

16   which he was acquitted.

17             However, the possession of the 70 grams of

18   cocaine as to which he was acquitted is one of a number of

19   factors upon which the court can rely and does rely on the

20   issue of his knowledge of the scope of the conspiracy or his

21   foreseeability under the Negron case that the conspiracy

22   could result in the dealing in crack.

23             This leads to an offense level behavior of 38,

24   converting the crack for which he is held responsible based

25   on the percentages previously mentioned.

1          This is increased by two levels because of the

2    use of the firearm.  The court finds that by a preponderance

3    of the credible evidence the firearm was possessed in the

4    apartment and it is more likely than unlikely that it was in

5    the apartment at all times.  And in the absence of any

6    evidence that it was just recently acquired, the court

7    concludes that it was present during the conspiratorial

8    activities which also extended to keeping cocaine or dealing

9    with cocaine or cocaine proceeds from the apartment.

10          And accordingly, the firearm was possessed and

11    used by the defendant simply by having it there in aid of

12    and in furtherance of the purposes of the conspiracy and not

13    merely for protection because he lived in a bad

14    neighborhood.

15          The court makes this finding based on the

16    preponderance of the credible evidence in the case including

17    the circumstantial evidence.  The court has considered the

18    fact that it's not a very good quality firearm, sort of a

19    Saturday night special, and it was not full of ammunition.

20          However, even regarding those facts, the court

21    finds it's more likely than unlikely that the gun was used

22    in aid of a conspiracy and therefore the adjustment is

23    proper.

24          The court also finds that Oscar Sanchez is

25    responsible for an adjustment for obstruction of justice

1  because of his threats to Jaramillo. And this leads to a

2  total offense level behavior of 42 and a criminal history

3  category of 3 and in extension for Mr. Oscar Sanchez, that

4  would lead to a range of 360 months to life.

5          The court sentences Mr. Oscar Sanchez to the

6  custody of the Attorney General for a term of 384 months on

7  Counts 8 and 20 years on Count 11 concurrently to be

8  followed by a five-year term of supervised release with the

9  special conditions 1 through 13, standard conditions 1

10 through 13 and the further condition that he participate in

11 a program approved by Probation for urinanalysis testing and

12 if necessary treatment for drug dependency and that he not

13 possess any firearms or other dangerous weapons and comply

14 with all lawful directions of Immigration and Naturalization

15 Service. The special assessment is $150.

16          Count 1 and 8 are sentenced to 384 months and

17 concurrent and Count 11 is 20 years concurrent. I want to

18 clarify that.

19          As to Mr. Omar Sanchez, the court concludes that

20 Mr. Omar Sanchez was a member of the conspiracy and it was

21 reasonably foreseeable to him that 15 kilograms of cocaine

22 would be distributed. He is not involved in any of the

23 crack.

24          This gives an initial offense level of 34 which

25 is adjusted downward by two levels for a relatively minor

**DATE:** December 21, 1995

**REPLY TO
ATTN OF:** Frank D. Adair
Associate Warden, Programs

**SUBJECT:** Inmate Assistance

**TO:** Inmate SANCHEZ, Oscar
Reg. No. 30768-054

This is to commend Inmate Oscar Sanchez, Reg. No.
30768-054 for his prompt notification of staff
injury.

On September 5, 1995 at approximately 1:30 p.m.,
Officer Ernst was making his usual rounds on I-
Block. He discovered a fan which was improperly
tapped into the institution's wiring. While
attempting to unhook the fan, Officer Ernst
received an electrical charge which jolted him onto
the bed. The electrical charge temporarily
debilitated Officer Ernst, rendering him unable to
call for assistance. Inmate Sanchez, with no
concern for his own personal safety in assisting
staff, promptly located institution staff and
advised them of Officer Ernst's condition.

As a result of Inmate Sanchez's prompt action,
Officer Ernst was able to receive immediate medical
attention.

Section 1B1.3(a) indicates that in the case of criminal activity undertaken in concert with others whether or not the conspiracy was charged, the conduct for which the defendant would otherwise be accountable, additionally includes conduct of others in furtherance of the criminal activity that was reasonably foreseeable by the defendant.

145. In conclusion, the defendant is being held accountable for 22.68 grams of "crack", and 15 kilograms of cocaine in this conspiracy. According to the Drug Equivalency Table, which requires the determination of the marihuana equivalency to obtain the combined offense level, 15 kilograms of cocaine equals 3,000 kilograms of marihuana, and 22.68 grams of "crack" equals 453.6 kilograms of marihuana. Therefore, the aggregate amount of marihuana for which the defendant is being held accountable for in this conspiracy is 3,453.6 kilograms. That amount of marihuana, according to the Drug Quantity Table carries a base offense level of 34.                                    **34**

146. Specific Offense Characteristics: A firearm (.25 caliber handgun) was possessed by the defendant during the period of this conspiracy. Therefore, pursuant to Section 2D1.1(b)(1), a two level enhancement will be made.      **+2**

147. Adjustment for Role in the Offense: Pursuant to Section 3B1.1(a), Sanchez is viewed as an equal participant within this conspiracy and, as such, no adjustments will be made.      **0**

148. Victim Related Adjustments: None.                          **0**

149. Adjustment for Obstruction of Justice: Pursuant to Section 3C1.1, Sanchez is viewed as having obstructed justice and, as such, a two level enhancement will be assessed.      **+2**

150. Adjusted Offense Level (Subtotal):                        **38**

151. Adjustment for Acceptance of Responsibility: We do not believe the defendant has shown recognition of responsibility for the offense and a reduction of two levels for Acceptance of Responsibility is not considered applicable under section 3E1.1(a).      **0**

152. Total Offense Level:                                       **38**

PART B.   THE DEFENDANT'S CRIMINAL HISTORY

   Juvenile Adjudication(s)

153. None.

# WORKSHEET D (Guideline Worksheet)

Defendant __Sanchez, Oscar__                  District __SDNY__

Docket Number __S4 91 CR 281 (CLB)__

1. **Adjusted Offense Level (From Worksheet A or B)**

   If Worksheet B is required, enter the result from Worksheet B, Item 9.
   Otherwise, enter the result from Worksheet A, Item 5.

   > `38`

2. **Acceptance of Responsibility (See Chapter Three, Part E)**

   If applicable, enter "2". If not applicable, enter "0".

   > `- 0`

3. **Offense Level Total (Item 1 less Item 2)**

   > `38`

4. **Criminal History Category (From Worksheet C)**

   Enter the result from Worksheet C, Item 8.

   > `III`

5. **Career Offender/Criminal Livelihood/Armed Career Criminal**
   **(See Chapter Four, Part B)**

   a. Offense Level Total

      If the career offender provision (§4B1.1), the criminal livelihood
      provision (§4B1.3), or the armed career criminal provision
      (§4B1.4) results in a higher offense level total than Item 3, enter
      the offense level total. Otherwise, enter "N/A".

      > `N/A`

   b. Criminal History Category

      If the career offender provision (§4B1.1) or the armed career
      criminal provision (§4B1.4) results in a higher criminal history
      category than Item 4, enter the applicable criminal history
      category. Otherwise, enter "N/A".

      > `N/A`

6. **Guideline Range from Sentencing Table**

   Enter the applicable guideline range from Chapter Five, Part A.

   > `292-365` Months

7. **Restricted Guideline Range (See Chapter Five, Part G)**

   If the statutorily authorized maximum sentence or the statutorily required
   minimum sentence restricts the range in Item 6 (see §§5G1.1 - 1.2), enter
   the restricted guideline range or guideline sentence in the box provided.
   Otherwise, enter "N/A".

   > `N/A` Months

8. **Probation**

   a. Imposition of a Sentence of Probation (Check the box applicable)

      [✓] 1. Probation is not authorized by the guidelines (if the minimum of
             the guideline range is greater than six months).  (If checked, go to Item 9)

      [ ] 2. Probation is authorized by the guidelines (if the minimum of the guideline range is zero months)
             (§5B1.1(a)(1)).

      [ ] 3. Probation is authorized by the guidelines (if the minimum of the guideline range is one to six months),
             provided the court imposes a condition or combination of conditions requiring intermittent confine-
             ment, community confinement, or home detention satisfying the minimum of the guideline range
             (§5B1.1(a)(2)).

COUNT VIII    POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE IN
              OR ABOUT MAY OR JUNE 1990

          Do you find the defendant guilty or not guilty of
possessing cocaine with intent to distribute in or about May or
June, 1990?

                          GUILTY                NOT GUILTY


Oscar Sanchez             _____         _____

Yhan Rivera               _____         _____


COUNT IX:     POSSESSION OF COCAINE BASE WITH INTENT TO DISTRIBUTE
              IN OR ABOUT MAY 1990

          Do you find the defendant Oscar Sanchez guilty or not
guilty of possessing cocaine base, or "crack", with intent to
distribute in or about May, 1990?

                          GUILTY                NOT GUILTY

                                                *NoT GuilTY*

Oscar Sanchez             _____         _____


COUNT X:      POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE IN
              OR ABOUT LATE JUNE, 1990

          Do you find the defendant guilty or not guilty of
possessing cocaine with intent to distribute in or about late June,
1990?

                          GUILTY                NOT GUILTY


Ricardo Sanchez           _____         _____

Omar Sanchez              _____         _____

Ferdinand Romero          _____         _____


4

IN THE U.S. DISTRICT COURT OF SOUTHERN FOR THE
DISTRICT OF NEW YORK.

U.S. OF AMERICA :
    RESPONDANT :
        VS. : RE: CRIMINAL CASE Nº. 91-CR-218-18  281
OSCAR SANCHEZ :
    PETITIONER :

## CERTIFICATE OF FILINGS AND SERVICE

I, OSCAR SANCHEZ, THE PETITIONER BEING FULLY SWORN ON
ACCORD TO THE LAW, DEPOSE AND SAY THAT I SEND IT THE FOLLOWING
DOCUMENTS: ① ORIGINAL AND ② COPIES OF THE __16__ PAGES MOTION TITLE
18 USC § 3582(C) ① ORIGINAL AND ② COPIES OF THE MEMORANDUM AT
LAW OF __4__ PAGES TO REQUEST THE COURT TO KEEP THE USSG. AS
ADVISORY; ① ORIGINAL, AND ② COPIES OF THE ATTACHED APPENDIX MOTION;
① ORIGINAL ② COPIES OF THE MOTION REQUESTING APPOINTMENT A ATTORNEY
① ORIGINAL, AND ② COPIES OF THE MEMORANDUM TO SUPPORT THE MOTION
REQUESTING APPOINTMENT A ATTORNEY. I PUT ALL THIS DOCUMENTS IN
A SEALED ENVOLOPE TODAY **NOVEMBER.1.2011** AND MAILED THE SAME
TO THE CLERK HIS OFFICE FOR THE U.S. DISTRICT COURT OF SOUTHERN
FOR THE DISTRICT OF NEW YORK. I FURTHER SAY THAT I AM THE
PETITIONER ON THIS CERTIFICATE OF FILING AND SERVICE AND I SIGNED
THE SAME UNDER PENALTY OF PERJURY TITLE 28 USC § 1746..

PRO SE
SIGNED. x _Oscar Sanchez_
OSCAR SANCHEZ # 30768.054
S.M.U. U.S.P. LEWISBURG.
P.O. BOX. 1000
LEWISBURG. PA. 17837