IN THE U.S. DISTRICT COURT OF SOUTHERN
FOR THE DISTRICT OF NEW YORK

U.S. OF AMERICA :
    RESPONDANT :
        VS. : RE: CRIMINAL CASE NO. 91-CR-281
OSCAR SANCHEZ :
    PETITIONER :

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/31/11

MEMORANDUM AT LAW

COME NOW OSCAR SANCHEZ, THE PETITIONER IN PRO SE AND REQUEST THIS COURT TO MOVE IN THE SAME, AND SUBMITTED THIS MEMORANDUM AT LAW IN SUPPORT OF THE PETITIONER HIS REQUEST TO THIS COURT, TO KEEP THE USSG AS A ADVISORY, WHEN THIS COURT REVIEW AND CORRECTING THE PETITIONER HIS SENTENCE.

PETITIONER REQUEST THIS COURT TO KEEP THE USSG, THEIR COMMENTARY AND COMMISSION HIS POLICY STATEMENT REMAIN ADVISORY., SEE BOOKER 543 U.S. 220-245 (2005) IN GALL V. U.S. 128 SCT. 586, 596, 97 (2007) EMPHASIS RATHER THE COURT MUST TREAT THE GUIDELINES AS ONE FACTOR AMONG SEVERAL THAT, TITLE 18 USC § 3553 (A) MANDATE IT CONSIDER KIMBROUGH V. U.S. 128 SCT. 558-564 (2007), GALL SUPRA AT 596; ONCE THE COURT CORRECTLY CALCULATE THE SENTENCE, THE GUIDELINES RECOMEND THE COURT MUST THEY MAKE A INDIVIDUALIZED ASSESMENT, CONSIDERING THE REMAINING FACTOR SET FORTH IN THE TITLE 18 USC § 3553 (A), MORE RECENTLY IN U.S. V. TAYLOR NO. 06-2216, THE COURT OF APPEALS OF FIRST CIRCUIT, EXPLAIN GALL, SUPRA AS FOLLOW IT MAKE CLEAR THAT, IN THE POST BOOKER WORLD, DISTRICT JUDGE ARE EMPOWERED WITH DISCRETION IN SENTENCING AS LONG AS THE SENTENCE IS GENERALLY REASONABLE AND THE COURT HAS FOLLOWED THE PROPER PROCEDURES AND A NEED FOR A INCREASED DEGREE OF JUSTIFICATION COMMENSURATE WITH, AND INCREASED DEGREE OF VARIANCE, ID. THE COURT HAVE NOW MORE WIDE LATITUD TO RECONSIDER THE SENTENCE IMPOSED ONCE AGAIN, TO

PAGE 1 — 4

ACCESS THE NEW BENEFITS OF ALL THESE DEVELOPMENT AND THE DISTRIC CAN'T FAILED NOT TAKE ALL OF THE TITLE 18 USC § 3553 (A) FACTORS, ACCOUNTING FASHIONING THE PETITIONER HIS SENTENCING CONSIDERATION, MORE, VER AS CLEARLY OUTLINED IN GALL, THE FEDERAL COURT HAVE NOW A DIFFERENT DISCRETION STANDARD, WHICH INCLUDES AND INVOLVES BOTH, A PROCEDURE AND A SUBSTANTIVE INQUIRY, GALL SUPRA AT 597, SEE: U.S. V. POLITANO 522 F.3D 69 (1ST CIR. 2008), RECENTLY THE COURT OF FIRST CIRCUIT NOTED THIS NEW EXPANDED DISCRETION AND CONCLUDED THAT, THE FAIREST COURSE OF ACTION WAS TO PROVIDE THE DISTRICT COURT THE OPPURTUNITY TO RECONSIDER HIS SENTENCE IN VIEW OF THE SUPREME COURT HIS ELUCITATION OF SENTENCING PROCEDURE AS WELL AS IN THEIR PRIOR OPINIONS- SEE, U.S. V. TOM NO. 07-1074 (2008), THE COURT REITERATE SOME OF THE IMPORTANT SENTENCING PRINCIPLES UNDERSCORED IN ALL THOSE RECENT DECISION, AS IN TOM: FAILING TO CONSIDERATE THE PETITIONER HIS SENTENCE ON THE ACTUAL RECORD AND/OR SCENARIOUS, WOULD NOT FULLY ACTUALIZED GALL HIS EFFECT IN SHEDDING CONSIDERATE LIGHT ON THE SCOPE AND EXTENT OF THE NEW FEDERAL DISCRETION UNDER THE NOW-ADVISORY FEDERAL SENTENCING GUIDELINES; ONLY IF THE COURT TREAT THE U.S.S.G. AS ADVISORY, TREAT THE NEW AMENDED GUIDELINES RANGE AS MANDATORY WOULD BE TO REPEAT THE CONSTITUTIONAL ERROR OF PRE-BOOKER SYSTEM, ID. SEE: U.S. V. POLANCO WL 144-8252 [S.D.NY. 2008] UNPUBLISHED, IT WOULD BE TO SAY NO MORE IRONIC IN THE RELIEF OF AVAILABLE TO PETITIONER, WHO RECEIVED A SENTENCE THAT IS NOW RECOGNIZED TO HAVE BEEN ON VIOLATION OF THE LAW, CAN BE LIMITED BY A STILL MANDATORY GUIDELINES; THE U.S. SIX CONSTITUTIONAL RIGHTS DOES NO TOLERABLE MANDATORY GUIDELINES IN THE PRESENTED CASE AND REVIEW OF THE PETITIONER., THE PETITIONER HAS PRESENTED AMPLE AND SUFFICIENT BOOKER AND 18 USC. § 3553 (A) FACTORS SUPPORTING THE CONCEPT OF REASONABLE THAT ENABLE TO REDUCE HIS SENTENCE VIS A VIS THE THE NEW POST BOOKER, GALL.,.

KIMBROUGH AND STEVEN SPEARS 129 SCT, 840; 172 LED 2D 596, (2009) U.S. LEXIS 846. 21 FLA. L. WEEKLY FED. 596 NO. 08-5721 JANUARY, 21, (2009), SOURCE OF DISCRETIONARY SENTENCING PARAMETER USHERED BY THE U.S. SUPREME COURT, TO LIVE THE GUIDELINES ARE ADVISORY AND THE COURT SHOULD NOT ASSIGN A RATIO ANY HIGHER THAN LOWER RATIO OF THE BUNCH, WHICH IS NOW 18 TO 1: THE COURT ALSO SHOULD MAKE A INDEPENT ASSESSMENT UNDER 18 USC §3553 (A) AND PURSUANT TO COURT'S RULES ON BOOKER, RITA, STEVEN SPEARS AND KIMBROUGHT, THAT CONCLUDE THE GUIDELINES FAIL TO REFLECT A §3553 (A) CONSIDERATION, AND REFLECT AN UNCOUND JUGMENT, DOES NOT TREAT PETITIONER HIS CHARACTERISTICS IN PROPER WAY, OR THAT A DIFFERENT SENTENCE IS APPROPIATE REGARDLESS, ID. AT 2463 RITA, BECAUSE BOOKER CERTAINLY ANNOUNCED A NEW RULE TO WHICH DESCRIBED THE RETROACTIVITY DOCTRINE APPLIES TO PETITIONER HIS CASE AND SENTENCING. SEE BEARD V. BANKS 542 US 406, 159 LED, 2D 494, 124 SCT. 2504-2511 (2004), SEE SHIRO V. SUMMERLIN 542 US. 348, 159 LED, 2D 442, 124 SCT. 2519-2522 (2004), NEW RULES APPLY TO A CONVICTION THAT HAVE ALREADY BECOME FINAL, ON THIS EXCEPTION, INCLUDES RULES THAT INCLUDE RULES THA PROHIBIT CRIMINAL PUNISHMENT FOR CERTAIN TYPE OF PRIMARY CONDUCT, AND THOSE THAT FARBIT THE IMPOSITION OF CERTAIN CATEGORY OF PUNISHMENT FOR PARTICULAR CLASSES OF DEFENDANT, SEE SCHRIRO 124 SCT AT 2522-23, OTHERWISE NEW RULES ARE APPLIES RETROACTIVELY TO CASE ALREADY FINAL, ONLY IF THEY ARE WATERSHED RULES OF CRIMINAL PROCEDURES IMPLICATING THE FUNDAMENTAL FAIRNESS AND ACCURANCY OF CRIMINAL PROCCEEDING. SEE SEHRIRO 124 SCT. AT 2523 (. INTERNAL QUOTATION MARK OMITTED); SEE U.S. V. FORTY, ESTREMERA 498 F. SUPP. 2D 468 (D. P.R. 2007). U.S.V. OVALLE-MARQUEZ NO. 91-CR-397 (RLA) DOC. 376 (D.R.P. 2008)... SINCE THE PETITIONER - OSCAR SANCHEZ, SHOW A CLEAR

ERROR OF VIOLATION OF HIS CONSTITUTIONAL RIGHTS, AND VIOLATION OF THE LAW AT HIS SENTENCING; THE RITA, SCHRIRO AND STEVEN SPEARS, THIS BOOKER RULE SHOULD BE APPLY TO PETITIONER HIS CASE AND THE REVIEW, THE U.S.S.G. SHOULD REMAIN ADVISORY ON THE PETITIONER HIS SENTENCING HEARING,. STATES SENTENCING COMMISSION LOWERED THE MAXIMUM-DRUG-QUANTITY-DETERMINED BASE OFFENSE LEVEL FROM 42 TO 38. USSG APP.C. VOL I, AMENDMENT 505 NOV) 2006) (AMENDMENT EFFECTIVE NOV. 1 1994). IN 1995, THE COMMISION MADE AMENDMENT 505 RETROACTIVE BY INCLUDING g. IT IN THE LIST OF AMENDMENTS THAT AUTHORIZE A REDUCTION IN THE TERM OF IMPRISONMENT AS A RESULT OF AN AMENDED GUIDELINE RANGE, SEE USSG § 1B1.10 (c) AND 18 U.S.C. § 3582 (c)(2). FN 3. AMENDMENT 536 MADE AMENDMENT 505 EFFECTIVE NOV.1.1995 WE SHALL REFER HENCEFORTH ONLY TO AMENDMENT 505 USSG 1B1.10 (a), IN PERTINENT PART, PROVIDES AS FOLLOWS: (2). WHERE A DEFENDANT IS SERVING A TERM OF IMPRISOMENT, AND THE GUIDELINE RANGE APPLICABLE TO THAT DEFENDANT HAS SUBSEQUENTLY BEEN LOWERED AS A RESUL OF AN AMENDMENT TO THE GUIDELINES MANUAL LISTED IN SUBSECTION (c) BELOW, A REDUCTION IN THE DEFENDANT TERM OF IMPRISONMENT IS AUTHORIZED UNDER 18 U.S.C.§ 3582 (c)(2). I FURTHER SAY, THAT I AM THE PETITIONER ON THIS MEMORANDUM AT LAW OF (4) PAGES AND I SIGNED THE SAME TODAY: NOV 1 2011 UNDER PENALTY OF PERJURY OF TITLE 28 USC § 1746...

PRO SE

SIGNED. x *Oscar Sanchez*

OSCAR SANCHEZ # 30768-054

S.M.U. U.S.P. LEWISBURG

P.O. BOX 1.000 LEWISBURG

P.A. 17837